UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART BEY, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-551-HAB-ALT |
| INDIANA DEPARTMENT OF CORRECTIONS, LLOYD ARNOLD, SERGANT SAIBE, REYNOLDS, THOMPSON, MARQUIS BENJAMIN, and SMILEY, | |
| Defendants. | |

**OPINION AND ORDER**

Tyquan Stewart Bey filed a complaint without a lawyer. ECF 1. He asks to proceed in forma pauperis. ECF 2. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss this case if it determines it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks relief from a defendant who has immunity. To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, a "complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Here, Stewart Bey does not state any claims that he can get relief for. Stewart Bey says he is suing six defendants, but he named a seventh in the caption: Indiana Department of Corrections. ECF 1, at 1. Whether he intended to sue it or not, the complaint states no claim against it because the Indiana Department of Correction is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Next, the complaint alleges that Commissioner Lloyd Arnold and Warden Smiley are responsible for the actions of correctional officers and the safety of inmates. ECF 1, at 8. But there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, this complaint does not state a claim against Commissioner Arnold or Warden Smiley either.

Stewart Bey further alleges he had a level one classification but was sent to a level two facility. ECF 1, at 2. Even if true, "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Nor do they "have a protected liberty interest in a particular security classification." *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995). So, this allegation too fails to state a claim.

Next, Stewart Bey asserts he was attacked by fellow inmates on August 16, 2025. ECF 1, at 2. To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to

prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Stewart Bey alleges no facts showing that anyone had any knowledge of an impending attack before it happened that day. Stewart Bey states he spoke to Sgt. Saibe and Correctional Officer Reynolds on August 19, 2025. ECF 1, at 4. He told them inmates were threatening him and he needed protection, but neither helped. *Id.* at 4–5. But before he could be attacked, Correctional Officer Thompson escorted him out of the dorm. *Id.* Even though Sgt. Saibe and Correctional Officer Reynolds allegedly did not help him, Stewart Bey was not injured. "An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) (internal quotation and citation omitted). Fear of an attack that does not happen does not state a claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (Plaintiff "must have suffered a harm to have a cognizable claim."). Thus, Stewart Bey states no claim for this allegation. For the same reason, Stewart Bey's allegation that he was transferred to a cell block where other inmates were attacked and seriously injured by other inmates—but he himself was not injured—also fails state a claim. ECF 1, at 6–7.

The complaint further alleges that Correctional Officer Thompson wrote a disciplinary ticket for Interfering With Staff that was dismissed. ECF 1, at 5–6. Stewart Bey argues he should not have been written up for asking Officer Thompson for help. That may be true, but merely writing him up did not violate his constitutional rights. *See Brand v. Toennies*, No. 23-1723, 2024 WL 175948, at *1 (7th Cir. Jan. 17, 2024) ("[N]o due process violation occurs when the error is corrected during the administrative appeal.'" *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995)) and *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) ("There is no denial of due

process if the error the inmate complains of is corrected in the administrative appeal process."). Here, the disciplinary charge was dismissed and Stewart Bey did not even need to appeal.

Stewart Bey also states he was in a cell block that was locked down because another inmate misbehaved. "After *Sandin* [*v. Conner*, 515 U.S. 472 (1995)], it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). Inmates do not have a liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Only placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Here, Stewart Bey does not make clear how long he was on lockdown. But based on his telling of the events, it is not plausible to infer that the lockdown was long enough for him to state a claim.

Finally, the complaint alleges Stewart Bey met with his Parole Officer Benjamin Marquis on October 8, 2025. It says he "was wondering why did I have to be on parole." ECF 1, at 8. It is unclear why he was on parole, but it is clear the parole officer did not violate his rights by meeting with him.

In sum, Stewart Bey's complaint states no claims for which relief can be granted. If Stewart Bey believes he can state a claim based on (and consistent with) the events described in this

4

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

Additionally, "unrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, Stewart Bey attempted to jam multiple different claims arising out of different incidents involving different people into one complaint. If Stewart Bey wishes to amend his complaint, he must focus it on either a single claim or on a single defendant (or set of related defendants) that he has related claims against.

For these reasons, the court:

(1) GRANTS Tyquan Stewart Bey until **February 27, 2026**, to file an amended complaint; and

(2) CAUTIONS Tyquan Stewart Bey if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 7, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
